**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
LISA M. DEAN, *et al.*,          )
                                )
                  Plaintiffs,   )
                                )
          v.                    ) Civil Action No. 06-1375 (EGS)
                                )
ELI LILLY & CO.,                )
                                )
                  Defendant.    )
_____)

## MEMORANDUM OPINION

Plaintiffs Lisa & Jeffrey Dean and Lynn & James Backner bring this products liability action against defendant Eli Lilly and Company ("Eli Lilly"), seeking damages allegedly caused by Eli Lilly's product.  Pending before the Court is defendant's Motion to Transfer Venue to the District of Massachusetts.  Upon consideration of the defendant's motion, the plaintiffs' response, and the reply thereto, the Court **GRANTS** defendant's Motion to Transfer Venue.  For the following reasons, this case shall be transferred to the United States District Court for the District of Massachusetts.

## I.   BACKGROUND

Lisa M. Dean and Lynn Alison Backner, sisters, filed this products liability action in the Superior Court for the District of Columbia, alleging injury stemming from their mother's consumption of DES, a prescription drug manufactured by Eli

Lilly, during pregnancy with the sisters.  The sisters' husbands joined as co-plaintiffs.  The Deans currently reside in New Hampshire, and the Backners currently reside in Massachusetts. The sisters' mother received the prescription for DES from her physician in Massachusetts and then purchased and ingested the DES in Massachusetts during her pregnancies.

Eli Lilly, an Indiana corporation, removed the action to this Court on August 2, 2006, and the case was later referred to Magistrate Judge Kay for mediation.  On December 19, 2006, Eli Lilly filed a motion to transfer the case to the United States District Court for the District of Massachusetts, arguing that this case has no connection to the District of Columbia.

## II.  LEGAL STANDARD FOR TRANSFER UNDER 28 U.S.C. § 1404(a)

The federal venue transfer statute states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party bears the burden of showing that transfer under this statute is proper.  *Shenandoah Assocs. Ltd. P'ship v. Tirana*, 182 F. Supp. 2d 14, 25 (D.D.C. 2001).  The statute provides for a flexible and individualized analysis that "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc.*

*v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

To show that transfer would be proper, the defendant must first establish that the plaintiff could have brought the action in the proposed transferee district. *Lentz v. Eli Lilly & Co.*, 464 F. Supp. 2d 35, 36 (D.D.C. 2006) (citing *DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000)). Next, the defendant must show that private- and public-interest factors weigh in favor of transfer. *Lentz*, 464 F. Supp. 2d at 37.

## III. THE CASE COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS

Before the Court can transfer a case to another venue, it must first determine that the action could have been brought in the proposed transferee district. *Id.* at 36 (citing *DeLoach*, 132 F. Supp. 2d at 24). The defendant has shown – and the plaintiffs do not dispute – that this action could have originally been filed in the United States District Court for the District of Massachusetts because subject matter jurisdiction, personal jurisdiction, and venue would be proper in that forum. Subject matter jurisdiction is proper based on diversity of citizenship under 28 U.S.C. § 1332; the plaintiffs are domiciled in New Hampshire and Massachusetts, the defendant is domiciled in Indiana, and the amount in controversy exceeds $75,000. Personal jurisdiction would be proper based on Massachusetts' long-arm

3

statute, which reaches defendants who cause tortious injury in
Massachusetts.  *See* Mass. Gen. Laws Ann. ch. 223A, § 3.  Finally,
venue would properly lie in the District of Massachusetts because
a substantial part of the events giving rise to the claim (i.e.,
the prescription, purchase, ingestion, and exposure) occurred in
that district.  *See* 28 U.S.C. § 1391(a).  As a result, because
the plaintiffs could have properly brought their claim against
Eli Lilly in the District of Massachusetts, Eli Lilly has met the
threshold showing required for transfer under § 1404(a).

## IV.   THE BALANCE OF PRIVATE AND PUBLIC INTERESTS FAVORS TRANSFER

Once the Court has determined that the action could have
properly been brought in the proposed transferee district, the
Court then must weigh several private- and public-interest
factors to determine if considerations of convenience and
interests of justice support transfer.  *Lentz*, 464 F. Supp. 2d at
36-37.  In the case at bar, these factors weigh in favor of
transfer.

### A.    Private-Interest Factors

The Court considers several private-interest factors when
deciding a motion to transfer, including: (1) the plaintiff's
forum choice, (2) the defendant's forum choice, (3) where the
claim arose, (4) the convenience of the parties, (5) the
convenience of the witnesses to the extent that they may be
unavailable for trial in one of the fora, and (6) the ease of

4

access to sources of proof.  *Id.* at 37.

While courts usually defer to a plaintiff's choice of forum with regard to the first factor, the court will afford "substantially less deference" to that choice when the plaintiff does not reside in the chosen forum or when the claim lacks a substantial connection to the chosen forum.  *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 72 (D.D.C. 2005) (quoting *DeLoach*, 132 F. Supp. 2d at 24).  Deference to the plaintiff's forum choice diminishes further when the defendant seeks transfer to a forum where the plaintiff resides.  *Lentz*, 464 F. Supp. 2d at 38 (citing *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983)).

In the case at bar, none of the plaintiffs reside in the District of Columbia, and this Court is not convinced that Eli Lilly's "original industry-wide promotion of DES" and "army of lobbyists and salespeople" in the District of Columbia, Pls.' Opp'n at 7, is sufficient to establish any nexus with the plaintiffs' claims.  Other courts have previously rejected these same contacts as a sufficient basis to afford deference to the plaintiff's forum choice.  *See, e.g., Lentz*, 464 F. Supp. 2d at 37.  Furthermore, the plaintiffs' contention that these contacts "will certainly be an issue" in the event of a trial, Pls.' Opp'n at 7, is conclusory and fails to show how Eli Lilly's lobbying, sales, and general promotion of DES within the District of

Columbia are substantially connected to these plaintiffs' claims. While Eli Lilly's District of Columbia activities may be related to DES and the subject matter of the action generally, they are not related to the specific claims, defenses, or facts of this particular case and therefore lack the substantial connection required to afford deference to the plaintiffs' forum choice.

On the other hand, Eli Lilly's Massachusetts activities are substantially connected to the plaintiffs' specific claims because the issues of whether the plaintiffs were exposed to Eli Lilly's product, the extent of the plaintiffs' injuries, and causation all center around Eli Lilly's sale of DES *in Massachusetts*.  Because Eli Lilly is seeking transfer from a district where no plaintiffs reside to a district where at least some plaintiffs reside and because there is no substantial connection between the plaintiffs' claims and the District of Columbia, the plaintiffs' forum choice warrants little deference.

The second factor that this Court considers is the defendant's forum choice.  Eli Lilly seeks transfer to the District of Massachusetts because of the strong nexus between that district and the facts of this case.  This Court finds the defendant's reason for seeking transfer to be legitimate since the operative facts in this case have a strong link to the District of Massachusetts and no substantial link to the District of Columbia.

Next, the Court considers where the claims arose. In this case, the plaintiffs' claims arose in Massachusetts because the alleged prescription, purchase, and exposure to DES occurred in that state.  Additionally, the discovery of the plaintiffs' injuries, the diagnoses, and the treatments all presumably took place at least in part in Massachusetts since all of the treating physicians are either in Massachusetts or nearby in neighboring states.  As a result, this Court finds that this factor weighs in favor of transfer.

As to the fourth factor, the convenience of the parties will be optimized by transferring the case to Massachusetts.  While Eli Lilly's representatives presumably will have to fly from the company's headquarters in Indiana regardless of whether the case is transferred, the plaintiffs will have to drive only a short distance if the case is transferred to the District of Massachusetts.  However, because the plaintiffs would rather litigate in the District of Columbia rather than in the District of Massachusetts, they appear willing to forego the convenience of a geographically nearby forum.  Therefore, this factor is neutral at best or slightly favors transfer.[1]

---

[1]  Both parties are represented by counsel in the District of Columbia, and this fact seems to indicate that convenience of the parties would be optimized by keeping the action in the District of Columbia.  However, this fact bears little, if any, weight in a court's determination of whether to transfer under § 1404(a).  *See, e.g., McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40 (D.D.C. 2003).

The Court next considers whether the convenience of the witnesses will be optimized by transferring the case to Massachusetts.  This factor is "the most critical factor to examine" under a § 1404(a) motion to transfer.  *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 164 (D.D.C. 1996).  This Court considers the extent to which witnesses may be unavailable for trial in either of the fora as a central component of its analysis in a motion to transfer.  *See Lentz*, 464 F. Supp. 2d at 37; *Devaughn*, 403 F. Supp. 2d at 71.  The defendant accordingly argues that all but two of the fact witnesses are within the subpoena power of the District of Massachusetts, while none of the fact witnesses are within the subpoena power of the District of Columbia.

Although the plaintiffs assert that they are willing to produce the fact witnesses voluntarily, the defendant aptly responds that the plaintiffs cannot force unwilling fact witnesses to appear for depositions or trial.  This Court finds that, even if the fact witnesses do agree to travel to the District of Columbia voluntarily, they will still be inconvenienced by having to travel, and so will their patients back in New England.  *See McClamrock*, 267 F. Supp. 2d at 40.  The Court is unpersuaded that the location of expert witnesses, who are scattered in areas inconvenient to Massachusetts, is relevant in this analysis since the location of fact witnesses is centered in Massachusetts.  *See Froessl v. Expervision*, No. 93-2126 (CRR),

8

1994 WL 149855, at *4 (D.D.C. Apr. 14, 1994) ("[A]lthough the
convenience of experts is not irrelevant [in considering a motion
to transfer], the Defendant properly points out that their
convenience is entitled to little consideration in this
context."); *see also Lentz*, 464 F. Supp. 2d at 37 ("[Expert
witnesses] by virtue of their role as paid experts must be
prepared to travel to testify and are compensated for doing so .
. . ."). Because the vast majority of essential fact witnesses
are within the subpoena power of the District of Massachusetts
(but not the District of Columbia) and because it will be more
convenient for fact witnesses to appear in the District of
Massachusetts, this factor favors transfer.

The final private-interest factor the Court weighs is ease
of access to sources of proof. Access to proof would be
facilitated by transferring this case to the District of
Massachusetts because that is where all of the relevant documents
(i.e., medical and pharmacy records) are located. While the
plaintiffs have already authorized the release of some of their
own medical records in response to Eli Lilly's discovery
requests, there is no indication that the plaintiffs have been
able to provide Eli Lilly with medical records of the mother who
ingested the DES or the records of the pharmacy that dispensed
the medication. Because the plaintiffs cannot voluntarily
provide these remaining documents if the document owners are

unwilling to voluntarily provide them, the Court finds that this factor weighs in favor of transfer to the District of Massachusetts, where the document owners can be reached with a subpoena duces tecum if necessary.

### B.   Public-Interest Factors

Having determined that the plaintiffs' forum choice warrants little deference due to the lack of ties between the claim and the District of Columbia and that the other private-interest factors are neutral or favor transfer to the District of Massachusetts, the Court now considers the public-interest factors.  These factors include: (1) the proposed transferee district's familiarity with the governing law, (2) the relative congestion of the transferor and potential transferee courts, and (3) the local interest in adjudicating local controversies at home.  *Lentz*, 464 F. Supp. 2d at 37.  The Court finds that these factors also weigh in favor of transfer.

The first public-interest factor this Court considers is the transferee's familiarity with the governing laws.  Under the District of Columbia's choice of law analysis, the Court must analyze four factors in determining which state's substantive law will apply: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) where the relationship to the events is

10

centered.  *Herbert v. District of Columbia*, 808 A.2d 776, 779

(D.C. 2002) (citing Restatement (Second) of Conflict of Laws §

145 cmt. d (1971)).  This Court finds, and the plaintiffs do not

dispute,[2] that Massachusetts substantive law will likely apply in

this case because (1) the plaintiffs' injuries occurred in

Massachusetts when they were exposed to DES; (2) the conduct

causing the injuries occurred in Massachusetts, where the mother

purchased and ingested the DES; (3) at least two of the

plaintiffs are domiciled in Massachusetts, and a third resided

there for 34 years; and (4) the relationship to the DES exposure

and the resulting injury is centered in Massachusetts.

Because Massachusetts substantive law more than likely

applies to the plaintiffs' claims, this Court finds that a

Massachusetts court is in the best position to adjudicate this

case.  Although the plaintiff asserts that products liability

---

[2]  The plaintiffs' statement that "[a] District of Columbia
court is in the best position to interpret the District of
Columbia statute of limitation" is misguided because the
Massachusetts statute of limitations will apply if the case is
transferred.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531
U.S. 497 (2001) (holding that a California statute of limitations
is procedural and not substantive law).  If there were any
difference between statutes of limitations for products liability
actions in the District of Columbia and Massachusetts, this fact
might influence whether the action should be transferred;
however, the statute of limitations would be the same – 3 years
from the date of discovery – regardless of whether this action is
adjudicated in the District of Columbia or Massachusetts.
*Compare Gassmann v. Eli Lilly & Co.*, 407 F. Supp. 2d 203, 208-09
(D.D.C. 2005) *with In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d
198, 203 (D. Mass. 2004).

laws in Massachusetts and District of Columbia are "nearly identical," Pls.' Opp'n at 8, the products liability laws of the two jurisdictions are in fact markedly different.  For example, while Massachusetts is a modified comparative negligence jurisdiction, *see* Mass. Gen. Laws Ann. ch. 231, § 85, the District of Columbia is a contributory negligence jurisdiction that does not recognize comparative negligence, *District of Columbia v. Washington Hospital Center*, 722 A.2d 332, 336 n.3 (D.C. 1998) (en banc).

The Court now turns to the relative docket congestion of the transferor and potential transferee courts.  The plaintiff correctly notes that Magistrate Judge Kay, to whom this case has been referred, is extremely skilled at mediating DES claims and fostering settlement.  However, it would be unfair to burden this Court's resources with the plaintiffs' claims given the lack of connection between this lawsuit and the District of Columbia. *See Abramson v. Eli Lilly & Co.*, No. 03-2541 (JDB), slip op. at 4-5 (D.D.C. Oct. 25, 2004) ("[G]iven the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case.").  Furthermore, the District of Massachusetts is fully capable of adjudicating these plaintiffs' claims because that district has had exposure to DES litigation; at least five DES cases have been

12

transferred there from this district.  *See Thompson v. Eli Lilly & Co.*, No. 03-122 (RBW), slip op. at n.4 (D.D.C. June 27, 2003).  Therefore, assuming that the court calendar for the District of Massachusetts is no more congested than this district's calendar, this factor weighs in favor of transfer.

The final factor this Court considers is the local interest in deciding local controversies.  Because the plaintiffs' claims arose in Massachusetts, the District of Massachusetts has a local interest in deciding this controversy.  Additionally, two of the plaintiffs are currently Massachusetts citizens (and a third plaintiff was allegedly exposed to DES while she was a Massachusetts citizen), and Massachusetts has an interest in adjudicating the claims of its own citizens under its own tort law.  *See Lentz*, 464 F. Supp. 2d at 38 ("[The transferee district of] Maine has a greater interest than the District of Columbia in adjudicating the personal injury claims of Maine citizens under its own tort law.").  Because there is a local interest in Massachusetts to decide this local controversy in that state, the Court finds that this factor weighs in favor of transfer.

## V.    CONCLUSION

For the foregoing reasons, the Court concludes that this case should be transferred to the United States District Court for the District of Massachusetts.  Therefore, defendant's motion

13

to transfer is **GRANTED**.  An appropriate order accompanies this

opinion.

**Signed:**     **EMMET G. SULLIVAN**
                **UNITED STATES DISTRICT JUDGE**
                **June 1, 2007**